# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 22-1098V**

| | |
|---|---|
| JOANNE S. TAYLOR,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: August 18, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*Adam Nemeth Muffett, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 26, 2022, Joanne S. Taylor filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following a vaccination she received on January 6, 2020. Petition, ECF No. 1. On January 28, 2026, I issued a ruling on entitlement and decision awarding damages, following briefing by the parties. ECF No. 61.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $95,145.96 (representing $6,751.92 in fees and costs incurred by Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, plus $88,392.36 in fees and costs incurred by Mr. Rodriguez while he was at the law firm of Sands Anderson, P.C., plus $1.68 in Petitioner's out-of-pocket expenses). Petition for Reimbursement of Attorneys' Fees and Costs ("Motion") filed June 1, 2026, ECF No. 66. Furthermore, Petitioner filed a signed statement representing that $1.68 was incurred in personal out-of-pocket expenses. Exhibit 1 to Motion at 2.

Respondent reacted to the Motion on June 11, 2026, stating that he is satisfied the statutory requirements for a fees award are met in this case, but deferring resolution of the amount to be awarded to my discretion. Response to Motion, ECF No. 68. On June 13, 2026, Petitioner filed a reply requesting that the amount of fees and costs in the Motion be awarded. ECF No. 69.

Having considered the Motion along with the invoices and other proof filed in connection, I find a reduction in the amount of attorney fees to be awarded appropriate, for the reason set forth below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs*., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs*., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs*., 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs*., 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs*., 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner's claim was successful, and therefore she is entitled to a reasonable award of attorney's fees and costs. The rates requested for work performed through 2026 are consistent with prior Program determinations, and will therefore be awarded.

The time devoted to one sub-issue, however - briefing entitlement and damages - was excessive. *See* Petitioner's Motion for Ruling on the Record and Damages Determination, filed Oct. 10, 2024, ECF No. 54; Petitioner's Reply to Respondent's Response, filed Jan. 10, 2025, ECF No. 57. Petitioner's counsel expended approximately 22.0 hours drafting the entitlement and damages brief, and 18.3 hours drafting the responsive brief, for a combined total of *40.3 hours*. ECF No. 66-4 at 19-21. This does not include time spent preparing the initial demand which would have informed this later work (and I am awarding fees associated with that task in full). ECF No. 66-4 at 12. I also am not discounting time spent communicating with Petitioner and preparing additional supporting documentation, such as affidavits or signed declarations, which is also being awarded in full. *See*, e.g., entries dated 8/1/2024, 8/5/2024, 9/10/2024, 9/23/2024, 9/24/2024, 9/25/2024.

Since briefing was required for both entitlement and damages in this case, it is not surprising that Petitioner's counsel had to expend some hours on these tasks. But the time billed in this case for such work still exceeds what would typically be required, as reflected in numerous prior fees decisions.[3]

[3] *See*, e.g., *Baskin v. Sec'y of Health & Hum. Servs*., No. 21-2207V (Dec. 1, 2025) (6.0 and 5.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Beall v. Sec'y of Health & Hum. Servs*., No. 21-0496V (Nov. 12, 2025) (11.6 and 6.2 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Creedon v. Sec'y of Health & Hum. Servs*., No. 21-0309V (June 18, 2025) (8.9 and 6.0 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Krebs v. Sec'y of Health & Hum. Servs*., No. 21-0484V (June 13, 2025) (14.5 and 6.2 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Field v. Sec'y of Health &*

Accordingly, I will reduce the sum to be awarded for this specific set of tasks ($21,219.00) by *thirty* percent. Such an across-the-board reduction (which I am empowered to adopt)[4] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. This reduces the amount of attorney fees to be awarded to Sands Anderson, P.C. (Mr. Rodriguez's firm at the time this work was performed) by **$6,365.70**.[5] All other time billed in the matter will be awarded in full.

---

*Hum. Servs*., No. 20-1958V (June 1, 2025) (9.5 and 4.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Shield v. Sec'y of Health & Hum. Servs*., No. 20-1970V (Jan. 27, 2025) (19.3 and 2.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Vaccaro v. Sec'y of Health & Hum. Servs*., No. 20-1704V (Jan. 27, 2025) (8.6 and 4.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Schwalm v. Sec'y of Health & Hum. Servs*., No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Leach v. Sec'y of Health & Hum. Servs*., No. 21-0108V (Nov. 25, 2024) (13.1 and 7.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs*., No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs*., No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs*., No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs*., No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs*., No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *McGraw v. Sec'y of Health & Hum. Servs*., No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs*., No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs*., No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively. These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc.

[4] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See*, e.g., *Abbott v. Sec'y of Health & Hum. Servs*., 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs*, 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs*., 86 Fed. Cl. 201, 214 (2009).

[5] This amount is calculated as follows: (22.3 hrs. x $510.00) + (18.0 hrs. x $547.00) x .30 = $6,365.70.

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs and Petitioner out-of-pocket expenses. ECF Nos. 66-2 at 2, 66-3 at 4-32, and 66-5 at 3. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorney's fees and costs in the total amount of $88,780.26 as follows:**

**A lump sum of $6.751.92 (representing reimbursement for $6,690.90 in attorney's fees and $61.02 in costs) to be paid through an ACH deposit to Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, IOLTA account for prompt disbursement;**

**A lump sum of $1.68 representing reimbursement for Petitioner out-of-pocket expenses to be paid through an ACH deposit to Petitioner's counsel of record, Ramon Rodriguez, III, at Siri & Glimstad, LLP, IOLTA account for prompt disbursement; and**

**A lump sum of $82,026.66 (representing reimbursement for $79,164.40 in attorney's fees and $2,862.26 in costs) to be paid through an ACH deposit to Petitioner's former counsel, Ramon Rodriguez, III, at Sands Anderson, P.C., IOLTA account for prompt disbursement.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master